# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY TUCK,<br><br>                         Plaintiff,<br>     v.<br><br>STATES RECOVERY SYSTEMS, INC.; EXPERIAN, a national credit reporting agency [CRA]; DOES 1-25.<br>                       Defendants. | CASE NO. 17cv1813-GPC(NLS)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS***<br><br>[Dkt. No. 5.] |

On September 7, 2017, Plaintiff Roy Tuck, proceeding *pro se*, filed a complaint alleging violations of the Telephone Consumer Practices Act ("TCPA"), the federal Fair Debt Collection Practices Act ("FDCPA"), the Fair Credit Reporting Act ("FCRA") and California's Rosenthal Fair Debt Collection Practices Act. (Dkt. No. 1.) Concurrently, Plaintiff has filed a motion to proceed in forma pauperis. (Dkt. No. 2.)

## Discussion

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee

of $400. See 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to § 1915(a). See Andrews v. Cervantes, 493 F.3d 1047, 1051 (9th Cir. 2007); Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999). The plaintiff must submit an affidavit demonstrating his inability to pay the filing fee, and the affidavit must include a complete statement of the plaintiff's assets. 28 U.S.C. § 1915(a)(1). The supporting affidavit must be made "with some particularity, definiteness and certainty." United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981).

As noted by another court in this district, "Roy Tuck and his wife Deborah Tuck, together with their son Richard Caruso and mother-in-law Clarice Tuck, appear to have developed a cottage industry suing their creditors for violations of the TCPA, the FDCPA and the FCRA. In each case, the parties request to proceed IFP, listing liabilities that far exceed assets. Curiously, however, despite the fact that they have received settlements from approximately a dozen different defendants, their assets and cash in their bank accounts remained unchanged." Tuck v. Pacer Service Ctr. U.S. Courts, Case No. 17cv1720-BAS-KSC, 2017 WL 4050356, at *1 (S.D. Cal. Sept. 12, 2017). As examples, the court provided a list of eleven cases where Tuck, his wife, and/or their son filed cases and settled with the defendants during the past two years in the Southern District of California. Id.

Moreover, in his motion, Tuck admits that he has received settlement payments from lawsuits he filed but that they "have been meager at best." Contrary to the IFP statute, none of the settlements amounts Tuck received in the past 12 months are listed in his motion. Plaintiff has failed to submit an affidavit "with some particularity, definiteness and certainty" demonstrating his inability to pay the filing fee. See McQuade, 647 F.2d at 940. Instead, Plaintiff only indicate $400/month income or loan

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. See 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014)). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. Id.

received from his mother for being her caregiver. Therefore, because Plaintiff has failed provide a complete statement of his assets, the Court DENIES Plaintiff's motion to proceed in forma pauperis.

**Conclusion**

The Court DENIES Plaintiff's motion to proceed IFP and DISMISSES the complaint without prejudice. Plaintiff is granted thirty (30) days to pay the filing fee pursuant to 28 U.S.C. § 1914 or to submit additional supporting documentation to support his IFP application. If Plaintiff fails to comply with the Court's direction, the complaint shall remain dismissed.

IT IS SO ORDERED.

DATED: October 4, 2017

HON. GONZALO P. CURIEL
United States District Judge